MilligaN J.,
delivered the opinion of the Court,
This case comes here on the refusal of the Circuit Judge, upon motion to condemn a tract of land levied on by a constable, and the papers returned into Court by the Justice, for a venditio exponas.
The land levied on appears to be the lands of the stayor of the execution; and the grounds insisted on to sustain the action of the Circuit Judge, are, that the judgment upon which the execution issued is a nullity; and that there is no sufficient evidence that the defendant was the stayor of the execution
The warrant was in favor of the defendant, Anderson, and against one M. L. Elcan. The judgment, as it appears, was indorsed on the warrant, in the following words :
“H. C. Anderson vs. M. L. Elcan. Judgment granted vs. defendant, for M. L. Elcan, for $433.90. “May 17th, 1867.
C. J. SpeNCek, J. P.”
A certified copy of the justice’s docket was produced in evidence, which is as follows, viz:
“H. C. Anderson vs. H. S. Elcan. Judgment given May the 17th, 1868, for $433.90, and costs. Stayed by N. M. Kimbrough. Execution issued January 21st, 1868.”
Every intendment by the Code, is to be made in favor of proceedings before Justice’s of the Peace; *262 and although, the entry of the Justice on the warrant is certainly a very laconic determination of the case, it can be readily seen, with reasonable certainty, what was meant. The judgment is more formal than the judgment in the case of Parker & Collins vs. Swan, 1 Hum., 80, which was sustained by this Court, and which so far as the validity of the judgment is concerned, is conclusive of this case.
The stay of an execution is the confession of a judgment; and the judgment and execution being valid on their face, as well as the stay thereof, they cannot, in a proceeding of this character, be impeached. The defendant, if he desires to avoid them, must attack them in a direct proceeding: Turner vs. Ireland; 11 Hum., 147.
There is nothing in the discrepency in the date of the judgment on the warrant, and the date given on the transcript of the Justice’s docket. The latter date is evidently a mistake, as the execution appears to have come to the officer’s hand on the 21st of January, 1868, which' was only a few days after the eight months allowed for stay of execution had expired, allowing the judgment as shown on the warrant, to have been rendered on the 17th of May, 1867. So it is clear this mistake, perhaps in copying, cannot vitiate the proceedings.
We think, therefore, His Honor erred; and the judgment must be reversed, and the order of condemnation entered here.